FILED
2026 Apr-08  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **TAMMIE SMITH WARD and** | ) | |
| **LEANN BUSH COVINGTON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:25-cv–1261-CLS** |
| | ) | |
| **THE CITY OF HUNTSVILLE,** | ) | |
| **ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Tammie Smith Ward and Leann Bush Covington were injured when an automobile driven by defendant Tristen Powell collided with the vehicle in which plaintiffs were traveling.  At the time of the collision, Powell was fleeing from police officers of the City of Huntsville, Alabama.  Plaintiffs sued the City and Powell, alleging claims of negligence and wantonness against both defendants.  Plaintiffs also sued the City under 42 U.S.C. § 1983 for violation of their substantive due process rights as secured by the Fourteenth Amendment.[1]  This opinion addresses the City's motion to dismiss.  Doc. no. 13.[2]

---

[1] Doc. no. 1 (Complaint).

[2] Plaintiffs' claims against defendant Tristen Powell were dismissed without prejudice because plaintiffs failed to serve him with the summons and complaint within the time prescribed by Federal Rule of Civil Procedure 4(m), and extended by the court.  Doc. no. 19 (Order entered Feb. 11, 2026).

## I. STANDARDS OF REVIEW

The relevant portion of Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "*short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a compliant is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 409 F.3d at 157–58. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alteration supplied).

## I. FACTUAL ALLEGATIONS

Officers employed by the City of Huntsville Police Department engaged in

high-speed pursuit of a vehicle driven by Tristen Powell on August 5, 2023.[3]  During

the pursuit, Powell's vehicle collided with the vehicle driven by Ward, and in which

Covington was a passenger.[4]  Ward suffered injuries to her ankle, back, and shoulder,

which required emergency room treatment, physical therapy, and injections.[5]

Covington suffered broken ribs, and required foot surgery, as well as physical therapy

and injections to relieve shoulder pain.[6]

Plaintiffs allege that a police vehicle was near the site of the collision, but that

no officer exited the vehicle to assist them.[7]  They allege that they were contacted by

an individual employed by the Victim Assistance Unit of the District Attorney's

Office shortly after the accident.[8]  Plaintiffs completed the documents provided to

them by that office, but received no further communications.[9]

## II. DISCUSSION

### A.    Section 1983 Claim

Plaintiffs allege that the City of Huntsville deprived them of rights secured by

the Fourteenth Amendment in violation of 42 U.S.C. § 1983.  That statute provides,

---

[3] Doc. no. 1 (Complaint), ¶¶ 9, 53, 62, 66, 74.

[4] *Id.* ¶ 10.

[5] *Id.* ¶¶ 11-12.

[6] *Id.* at ¶¶ 13-14.

[7] *Id.* at ¶ 22.

[8] *Id.* at ¶ 15.

[9] Doc. no. 1 (Complaint), at ¶ 16.

in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In particular, plaintiffs allege the following:

> 41.    Defendant, through its police officers, deprived Plaintiffs of their Fourteenth Amendment substantive due process rights to bodily integrity and personal security by engaging in a police chase that showed deliberate indifference to public safety or shocked the conscience.
>
> 42.    Defendant has seemingly failed to train officers on pursuit policies, as there is [a] pattern of similar incidents since 2019.
>
> 43.    Defendant acted under color of state law.
>
> 44.    The police officers were acting in their official capacity as law enforcement officers employed by the City of Huntsville at the time of the incident.

Doc. no. 1 (Complaint), ¶¶ 41-44 (alteration supplied).

The Supreme Court's opinion in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), controls analysis of the sufficiency of plaintiffs' claim. There, the Court held that municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's officers."

*Id.* at 690. Liability is premised on a constitutional violation carried out by the

municipality itself, and cannot be based on theories of *respondeat superior* or

vicarious liability. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiffs have not alleged that a policy or custom of the City caused their

injuries. Instead, they state only that the City "*seemingly* failed to *train* officers on

pursuit policies, as there is [a] pattern of similar incidents since 2019."[10] As the

Eleventh Circuit has explained, municipalities

> may be held liable under § 1983 for a failure to train subordinate officers. A municipality may be held liable for the failure to train its employees when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." To establish "'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." "[S]howing merely that additional training would have been helpful in making difficult decisions does not establish municipal liability. As we have said, "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise.

*Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 820 (11th Cir. 2017)

(alteration in original, internal citations omitted).

Plaintiffs' equivocal allegation that the City "*seemingly*" failed to train its

officers on pursuit policies, coupled with the allegation that similar incidents have

---

[10] Doc. no. 1 (Complaint), ¶ 42 (first emphasis in original, second emphasis and alteration supplied).

occurred since 2019, might satisfy the pleading requirement, although minimally. Even so, plaintiffs' § 1983 claim must fail, because, as will be explained, plaintiffs have not sufficiently pled a constitutional violation. "There can be no policy-based or supervisory liability when there is no underlying constitutional violation." *Knight*, 856 F.3d at 821 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Officials acting under the color of state law violate the substantive component of the Due Process Clause only when their conduct "can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citing *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Lewis*, 523 U.S. at 846 (alteration supplied). The Eleventh Circuit has stressed that § 1983 must not be used "as a 'font of tort law' to convert state tort claims into federal causes of action." *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003).

In *Lewis*, the Supreme Court addressed the question of whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high speed pursuit of a suspected offender. 523 U.S. at 836. To answer the question, the Court reiterated its view that only conduct that "shocks the conscience" violates the substantive

7

component of the Due Process Clause. *Id.* at 846-47. The Court concluded that in the context of a police high-speed pursuit of a fleeing suspect, "when unforeseen circumstances demand an officer's instant judgment," there is no liability under the Fourteenth Amendment where there is "no intent [by the officer] to harm suspects physically." *Id.* at 854 (alteration supplied). The Eleventh Circuit has held that the same rationale applies when a bystander, rather than a suspect, is injured. *See Wilcox v. Fenn*, 380 F. App'x 837, 839 (11th Cir. 2010).

   Plaintiffs alleged in their § 1983 count (*i.e.*, Count III) that the conduct of the City's police officers exhibited deliberate indifference, or shocked the conscience.[11] Plaintiffs did *not* allege that the officers' acts were motivated by an intent to harm *them* — an omission that is fatal to their claim. Their conclusory statement that the officers' conduct "shocked the conscience" is the type of allegation that, without supporting factual allegations, the Supreme Court has said are not entitled to a presumption of veracity. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.") (emphasis supplied). Plaintiffs have not shown that the City's police officers committed a constitutional violation and, therefore, under the holding in *Monell*, the City cannot be held liable for plaintiffs' injuries.

---

[11] Doc. no. 1 (Complaint), ¶ 41.

For those reasons, the court concludes that plaintiffs have failed to state a claim upon which relief may be granted, and their § 1983 claim will be dismissed.

## B.    State Law Claims

Plaintiffs also allege state law claims of negligence and wantonness against the City (Counts I and II).    In cases where the federal district court has original jurisdiction over some of the claims, the court also has discretion to entertain state claims that are supplemental to the federal claim.    *See* 28 U.S.C. § 1367(a).    The district court may decline to exercise supplemental jurisdiction when:

(1)    the claim raises a novel or complex issue of State law,

(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)    *the district court has dismissed all claims over which it has original jurisdiction*, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied).    "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."    *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988) (alteration supplied).

Here, plaintiffs' federal claims have been eliminated.  Accordingly, this court declines supplemental jurisdiction over the remaining state law claims, and exercises its discretion to dismiss those claims.

A separate Order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 8th day of April, 2026.

_____
Senior United States District Judge